IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC A. GRUBB, # K-96055, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01425-MJR |
| | ) | |
| JEFF P. KORTE | ) | |
| and SANDRA FUNK, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Eric Grubb, an inmate who is currently incarcerated at Menard Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Plaintiff was wrongfully transferred from Western Illinois Correctional Center ("Western") to Menard Correctional Center ("Menard") on December 3, 2014. Plaintiff has three known enemies at Menard, which the Illinois Department of Corrections ("IDOC") has allegedly documented, and Plaintiff claims that transfer to Stateville Correctional Center ("Stateville") was more appropriate. Plaintiff now names Jeff Korte (Western's warden) and Sandra Funk (IDOC's transfer coordinator) as defendants in this action. Plaintiff seeks $300,000.00 for pain and suffering and a prison transfer (Doc. 1, p. 6).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is

1

required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint does not survive preliminary review under this standard and shall be dismissed.

### The Complaint

According to the allegations in the complaint, Plaintiff was transferred from Western to Menard on December 3, 2014 (Doc. 1, p. 5).  Beyond describing Plaintiff's transfer as "disciplinary" in nature, the complaint provides no other reason for his transfer.

2

Plaintiff has three known enemies at Menard. Of these, one is a high-ranking gang member. The IDOC has documented these three relationships, and Plaintiff also discussed them with one of Western's counselors, T. Moore.[1] Because of these known enemies, Counselor Moore requested that Plaintiff be transferred to Stateville. However, Defendant Funk ultimately changed this to Menard. Plaintiff claims that his transfer to Menard places him in danger. He offers no more specifics, including any suggestion that Plaintiff is housed near his enemies, has been threatened by his enemies, or has actually been harmed by them.

Plaintiff admits that Western and Menard have a grievance procedure, which he did not exhaust before filing this action. When he inquired into the procedure for challenging the transfer, Counselor Moore (at Western) told Plaintiff that the issue is "nongrievable" (sic) (Doc. 1, p. 5). Counselor Moore allegedly agreed to testify to this fact.

Plaintiff now sues Defendants Korte and Funk pursuant to 42 U.S.C. § 1983. However, the complaint does not mention any constitutional basis for relief. Plaintiff seeks a prison transfer and $300,000.00 in monetary damages (Doc. 1, p. 6).

## Discussion

The complaint fails to articulate a viable claim against Defendants Korte and Funk. Plaintiff filed this action pursuant to 42 U.S.C. § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). In the complaint, Plaintiff invokes no constitutional or statutory basis for relief. Upon review, the Court can find none.

As a general matter, Plaintiff's transfer to Menard – a prison that he does not

---

[1] Plaintiff did not name T. Moore as a defendant in this action.

prefer – states no claim for relief when viewed in terms of a Fourteenth Amendment due process claim (**Count 1**). The United States Supreme Court has long recognized that the Constitution does not guarantee placement in any particular prison. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). This is because "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Plaintiff's transfer to Menard, standing alone, does not give rise to a cognizable claim under the Fourteenth Amendment. Accordingly, **Count 1** against Defendant Korte and Funk shall be dismissed with prejudice.

But Plaintiff is not just complaining about his transfer to a different prison. He challenges his transfer to a more dangerous prison, i.e., one that houses three of his known enemies. His complaint suggests that Defendants Korte and/or Funk failed to protect him from the potential harm he may face at Menard. These allegations gain some traction in the Eighth Amendment (**Count 2**), but not enough to state a claim.

The Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. These protections extend to the conditions of a prisoner's confinement, including those conditions that pose a substantial risk of serious harm to the inmate's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). The Seventh Circuit has made it clear that prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). However, a prison official may be liable "only if he knows that inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

A defendant can never be held liable under Section 1983 for negligence, or even gross negligence.  *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  More is required. *Farmer*, 511 U.S. at 835.  The prison official must act with the equivalent state of mind of criminal recklessness.  *Farmer*, 511 U.S. at 836-37.  The complaint does not suggest that either Defendant Korte or Funk recklessly disregarded a known and substantial risk of serious harm to Plaintiff in the process of transferring him to Menard.

The statement of claim does not mention Defendant Korte at all.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  The complaint fails to satisfy the minimal pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure and *Twombly* as it relates to this defendant.  It does not plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. 544, 570 (2007).  Without drawing a connection between Defendant Korte and specific conduct, the Court cannot assess whether any constitutional violation has plausibly occurred.

The complaint mentions Defendant Funk only once, in connection with Plaintiff's ultimate transfer to Menard.  Plaintiff alleges that Defendant Funk changed the requested transfer site from Stateville to Menard, despite the fact that Defendant Funk should have known that Plaintiff has enemies at Menard (Doc. 1, p. 5).  However, this allegation, standing alone, is more akin to a negligence claim.  It does not suggest that Defendant Funk acted with criminal

5

recklessness. No allegations suggest that Defendant Funk actually knew about Plaintiff's enemies. Plaintiff alleges that he told Counselor Moore about his enemies, but not Defendant Funk. While the complaint also alleges that the IDOC has a record of these relationships, no allegations suggest that Defendant Funk recklessly disregarded these records (or was actually aware of them). At most, the allegations suggest that Defendant Funk was negligent in failing to review the IDOC documentation in the process of transferring Plaintiff to Menard. And negligence does not violate the Constitution.

It is worth emphasizing that neither defendant can be held liable based on his or her supervisory role within the prison system. The doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). And although the doctrine of *respondeat superior* is not applicable to Section 1983 actions, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). The complaint contains no suggestion that Plaintiff was deprived of his rights, based on an unconstitutional policy, custom, or practice. Accordingly, no individual capacity claim under the Eighth Amendment has been stated against either Defendant Korte or Funk.

The complaint does not name either Defendant Korte or Funk in their official capacities, and the Court finds that no official capacity claim has been stated against either under the Eighth Amendment. A prison warden can be named as a defendant in his or her official

capacity, but only for purposes of carrying out any injunctive relief that is ordered. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Plaintiff's request for a prison transfer could be interpreted as a request for injunctive relief. Naming Defendant Funk and Korte in connection with this request, however, is not appropriate. Neither party is the warden of Plaintiff's current institution. Menard's warden would be the appropriate official to carry out any injunctive relief that is ordered. Here, where Plaintiff has not alleged sufficient facts pointing to any actual harm or threats of harm directed toward Plaintiff, the Court sees no need, at this juncture, to add Menard's warden as a party, in order to respond to Plaintiff's request for injunctive relief. **Count 2** against Defendants Korte and Funk shall be dismissed without prejudice.

Because the complaint fails to state any claim upon which relief may be granted, it shall be dismissed. The dismissal of **Counts 1** is with prejudice. However, the dismissal of **Count 2** shall be without prejudice to Plaintiff filing a "First Amended Complaint" addressing the defects described above. Instructions for filing a First Amended Complaint are set forth below in the sections, entitled "First Amended Complaint" and "Disposition."

### First Amended Complaint

If Plaintiff wishes to further pursue his Eighth Amendment conditions of confinement/failure to protect claim (**Count 2**) against Defendant Funk, Plaintiff is **INSTRUCTED** to file an amended complaint with this Court within 35 days of the date of this order (on or before February 26, 2015). Failure to follow the Court's instructions will result in dismissal of this action with prejudice for failure to state a claim under Section 1915A. The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a Section 1983 claim.

When filing his amended pleading, Plaintiff should label the pleading "First Amended Complaint." He should also use *this* case number. He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should also be careful to include sufficient facts to demonstrate that each defendant violated his rights—constitutional or otherwise.

As the events giving rise to this action occurred in December 2014, Plaintiff does not appear to face any impending statute of limitation. He is, however, required to exhaust his administrative remedies through the prison grievance procedure prior to filing a Section 1983 action in federal court. *See* 42 U.S.C. § 1997e(a). Doing so may provide him with much faster relief than an action in federal court. If he fails to properly exhaust his administrative remedies, the action is ultimately subject to dismissal on this basis alone.

## Pending Motions

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order of this Court.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 3), which shall be held **IN ABEYANCE** pending the Court's receipt of Plaintiff's First Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendant **KORTE** is **DISMISSED with prejudice**, based on Plaintiff's failure to state any claim against this party upon which relief may be granted. Further, Defendant **FUNK** is **DISMISSED without prejudice** for the same reason.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before February 26, 2015.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to **Count 2** will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Should Plaintiff seek any sort of immediate relief, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure. This motion may be filed along with an amended complaint or at any time thereafter, while the action is still pending. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 22, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge**

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.