IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC A. GRUBB, #K96055, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-01425-MJR |
| | ) |
| SANDRA FUNK and | ) |
| TOM MOORE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

This matter is now before the Court for general case management, including consideration of Plaintiff's motions for recruitment of counsel (Docs. 3, 14). Plaintiff has missed the deadline for filing his second amended complaint, which was due on May 27, 2015 (Doc. 17). Therefore, this action is subject to dismissal for want of prosecution and for failure to comply with a court order. *See* FED. R. CIV. P. 41(b). Before dismissing this case, the Court will allow Plaintiff one final opportunity to file a second amended complaint. However, for the reasons set forth below, his requests for recruitment of counsel shall be denied.

**Notice of Impending Dismissal**

This case has been pending since December 30, 2014. On that date, Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983 to challenge his transfer from Western Illinois Correctional Center ("Western") to Menard Correctional Center ("Menard") on December 3, 2014. Plaintiff alleged that he should have been transferred to Stateville Correctional Center ("Stateville") instead because the Illinois Department of Corrections ("IDOC") has a record of his three known enemies at Menard. Plaintiff named Jeff Korte

(Western's warden) and Sandra Funk (IDOC's transfer coordinator) as defendants. He requested monetary damages and a prison transfer (Doc. 1, p. 6).

This Court dismissed the original complaint without prejudice on January 22, 2015 (Doc. 10). Upon preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court identified two claims against Funk and Korte, i.e., a Fourteenth Amendment due process claim (Count 1) and an Eighth Amendment failure to protect claim (Count 2). Both were meritless. The Court dismissed Count 1 with prejudice and Count 2 without prejudice. Plaintiff was granted leave to file an amended complaint on or before February 26, 2015 (*Id.*).

Plaintiff filed a timely amended complaint on February 5, 2015 (Doc. 13). This time, he named Sandra Funk (IDOC transfer coordinator) and Tom Moore (Plaintiff's counselor at Western) in connection with his claim that Moore and Funk improperly transferred him from Western to Menard, despite the fact that inmates at Menard posed a risk to his safety (*Id.* at 5). He narrowed his claim to an Eighth Amendment failure to protect claim (Count 2) against these defendants.

After reviewing the amended complaint pursuant to 28 U.S.C. § 1915A, the Court concluded that Plaintiff again failed to state a claim upon which relief may be granted against either defendant (Doc. 17). Plaintiff's amended complaint was dismissed without prejudice and with leave to file a second amended complaint on or before May 27, 2015 (*Id.*). He was provided with a blank civil rights complaint form for use in preparing the second amended complaint. Plaintiff was also warned that failure to file a properly completed pleading by the deadline could result in dismissal of the action. *See* FED. R. CIV. P. 41(b).

Plaintiff failed to file his second amended complaint by the deadline. He also failed to request an extension. The Court has received no communications from Plaintiff for three months

and is not aware of any impediments to filing an amended pleading. Therefore, this action is subject to dismissal for want of prosecution and failure to comply with a court order. FED. R. CIV. P. 41(b). However, Plaintiff shall be given one final opportunity to file a second amended complaint, consistent with the instructions for doing so in Document 17 and according to the deadline listed below.

### Motions to Recruit Counsel (Docs. 3, 14)

Plaintiff's two motions for recruitment of counsel (Docs. 3, 14) shall be denied. Plaintiff filed his first motion on December 30, 2014, the same date he filed his original complaint. In it, Plaintiff indicated that he had only begun the process of looking for counsel on his own (Doc. 3, p. 1). He also indicated that he has some high school education and is taking two prescription medications (*Id.* at 2). At the time of dismissing Plaintiff's original complaint on January 22, 2015, the Court held the motion for recruitment of counsel in abeyance (Doc. 10, p. 8).

Plaintiff filed a supplement to his motion for recruitment of counsel (Doc. 14) on February 24, 2015. The supplement consists of letters from attorneys who declined to represent Plaintiff in this matter (*Id.*). When dismissing his amended complaint on April 22, 2015 (Doc. 17), the Court held both motions (Docs. 3, 14) in abeyance pending receipt of the second amended complaint. The Court will not consider the motions for recruitment of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Childress v. Walker*, --- F.3d ---, 2015 WL 2408070 (7th Cir. May 21, 2015); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir.

2013). The Seventh Circuit recently reiterated the standards for determining whether the district court should act under Section 1915(e)(1):

> In *Pruitt* [*v. Mote,* 503 F.3d 647 (7th Cir. 2007) (en banc),] we refined the standards for evaluating whether to recruit counsel. If a plaintiff makes a reasonable attempt to secure counsel, the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.' *Pruitt,* 503 F.3d at 655. This inquiry does not focus solely on the plaintiff's ability to *try* his case—it also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.' *Id.* When ruling on a motion to recruit counsel, the court should take account of all evidence in the record relevant to the plaintiff's capacity to litigate.

*Id.* at *7 (quoting *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (per curiam)). Plaintiff has made reasonable efforts to secure counsel on his own. Upon review of the pleadings filed to date in this matter, the Court finds that Plaintiff is competent to litigate his own claim. *See Pruitt*, 503 F.3d at 655.

From a legal standpoint, this case is not complex. It presents a single legal claim under the Eighth Amendment, based on the defendants' alleged failure to protect Plaintiff from inmates at Menard who pose a known risk of harm to him. The Court set forth the applicable legal standard of "deliberate indifference" in both of its dismissal orders. This is exactly the type of legal claim that *pro se* prisoner litigants pursue without counsel on a regular basis.

From a factual standpoint, Plaintiff's claim is also straightforward. Plaintiff sues only two defendants. The facts giving rise to the claim against each defendant are not complex. Plaintiff alleges that the IDOC has a record of his three known enemies at Menard, and the defendants should not have transferred him to Menard in light of this record and his direct communications with one of the defendants.

Plaintiff has demonstrated an ability to litigate his case to date. Despite his limited education (i.e., he disclosed some high school education), Plaintiff has filed coherent pleadings

with the Court. He commenced the action by filing a properly completed complaint (Doc. 1), motion for leave to proceed *in forma pauperis* (Doc. 2), and motion for recruitment of counsel (Doc. 3). He sought representation from counsel on his own, without being instructed to do so by the Court (Doc. 14). In the complaint and the amended complaint, Plaintiff formulated coherent allegations that focus on his claim against two defendants. He has demonstrated that he comprehends this Court's orders, by narrowing his two claims (Counts 1 and 2) to one (Count 2) and by meeting court-imposed deadlines. And although the complaint and amended complaint were dismissed for failure to state a claim, neither pleading presented the type of defects that cannot be cured by a *pro se* litigant in an amended pleading.

Under the circumstances, Plaintiff appears competent to proceed *pro se* at this time. Therefore, his motions for recruitment of counsel (Docs. 3, 14) shall be denied without prejudice. The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's two motions for recruitment of counsel (Docs. 3, 14) are **DENIED** without prejudice.

Further, Plaintiff is hereby **ORDERED** to file a properly completed second amended complaint, consistent with the instructions set forth in the Court's Order dated April 22, 2015 (Doc. 17), within twenty-one days of this Order (on or before July 13, 2015).

Plaintiff is also **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his address. The Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

**Failure to comply with this Order shall result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

**DATED: June 22, 2015.**

<u>s/ MICHAEL J. REAGAN</u>
Michael J. Reagan, Chief Judge
United States District Judge