IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC A. GRUBB, #K96055, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-01425-MJR |
| | ) |
| BETSY SPILLER and | ) |
| KIM BUTLER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of Plaintiff Eric Grubb's second amended complaint (Doc. 19). This pleading represents Plaintiff's third attempt to assert a claim against prison officials for his allegedly wrongful transfer from Western Illinois Correctional Center ("Western") to Menard Correctional Center ("Menard") in December 2014. Plaintiff maintains that he should not have been transferred to Menard after he disclosed three known enemies there, and prison officials ignored the Illinois Department of Corrections' ("IDOC") record of these known enemies when transferring him. The Court dismissed each of Plaintiff's prior complaints (Docs. 1, 13) without prejudice, after concluding that they articulated no Fourteenth Amendment wrongful transfer claim (**Count 1**) or Eighth Amendment failure to protect claim (**Count 2**) against the named defendants (Docs. 10, 17).

Plaintiff filed his second amended complaint more than a month after it was originally due on May 27, 2015 (Doc. 17). He missed the deadline and did not seek an extension. The Court entered a notice of impending dismissal on June 22, 2015, offering Plaintiff one final

opportunity to file an amended pleading (Doc. 18). Plaintiff filed his second amended complaint one week later on June 29, 2015 (Doc. 19).

## Discussion

The second amended complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Like those before it, Plaintiff's second amended complaint fails to pass muster under this standard.

Plaintiff names Kim Butler (Menard's warden) and Betsy Spiller (Menard's clinical services director) as the only two defendants. This is the first time he has named these individuals as defendants in a complaint filed in this action. Plaintiff alleges the following in his statement of claim against these defendants:

> On Dec. 5, 2014 I inmate Grubb K96055 was transfred to Menard Corr. Center. While being housed in Menard Corr. Center I made aware to T. Knuts C.C.#2 that I had a K.S.F. down here & should not be down here. She told me that her Bosses are awhere of the problem. Bosses being Betsy Spiller, Clinical Services Superviser, Kim Butler Warden. This is a volition of my 8th Admendment.

(Doc. 19, p. 5). This is the sum and substance of Plaintiff's claim against Defendants Butler and Spiller.

Construing the allegations in the second amended complaint liberally, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), the Court finds that the pleading focuses on a single claim against Defendants Butler and Spiller for failing to protect

Plaintiff from dangerous conditions of confinement (**Count 2**).[1] However, the allegations are simply too threadbare to support a claim for relief against either one of the defendants. Accordingly, **Count 2** shall be dismissed.

As the Court previously explained in its prior dismissal orders (Docs. 10, 17), prison officials have a duty under the Eighth Amendment to "take reasonable steps to insure the safety of inmates, including harm done by one inmate to another." *Pope v. Shafer*, 86 F.3d 90, 91-92 (7th Cir. 1996). To state a claim, an inmate must allege that an official acted with deliberate indifference to an excessive risk to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The inmate must describe "conditions which objectively pose a substantial risk of serious harm." *Id.* A "substantial risk" of harm exists when the risk to an inmate is so great that it is "almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The inmate must also allege that "the official knew of the risk (or a high probability of the risk) and did nothing." *Pope*, 86 F.3d at 92. However, allegations that an official "*should* know of a risk but does not" or that an official "merely failed to act reasonably" are insufficient to state a claim. *Id*.

Plaintiff's allegations fail to satisfy these requirements for an Eighth Amendment claim. With respect to the objective risk of serious harm he faced, Plaintiff says: "While being housed in Menard Corr. Center I made aware to T. Knuts C.C.#2 that I had a K.S.F. down here & should not be down here" (Doc. 19, p. 5). Plaintiff offers no other information regarding his known enemies or the dangers they posed to him. He does not indicate whether his known enemies were housed in close proximity to him. He also does not indicate whether he encountered them and, if so, how often. Finally, Plaintiff does not allege that his known enemies actually attacked

---

[1] This claim was referred to as "Count 2" in the Order (Doc. 10) dismissing the original complaint and, for the sake of consistency, shall be referred to as "Count 2" herein.

him or threatened to attack him at any time.  The second amended complaint lacks basic information necessary to analyze the objective risk of serious harm Plaintiff faces at Menard.

In addition, the allegations do not suggest that either one of the defendants responded to Plaintiff's complaints about safety with deliberate indifference.  The second amended complaint merely alleges that a correctional officer, not the defendants, responded to Plaintiff's complaints about known enemies by stating that "her Bosses are awhere of the problem" (Doc. 19, p. 5).  This single allegation falls far short of suggesting that Defendants Butler and Spiller were aware of a particular risk of harm to Plaintiff that was "almost certain to materialize if nothing [wa]s done" and still failed to take action.  *Brown*, 398 F.3d at 911.

In conclusory fashion, Plaintiff alleges that "Bosses" refer to the defendants.  From this, the Court is supposed to conclude that Defendants Butler and Spiller possessed knowledge of a specific risk of harm to Plaintiff and still failed to protect him.  The Court cannot make this logical leap.   And no other allegations suggest that Plaintiff took any steps to inform either one of the defendants of a specific risk of harm he faced.

Without more, Plaintiff's second amended complaint fails to state a claim upon which relief can be granted.  It simply does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Even accepting the allegations as true, the Court cannot "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because of this, **Count 2** shall be dismissed.  And because Plaintiff has been given three opportunities to plead his claims in this action and has been unsuccessful each time, the Court finds it appropriate to dismiss the action with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's second amended complaint (Doc. 19) is **DISMISSED** on the merits with prejudice for failure to state a claim upon which relief may be granted.

Defendants **KIM BUTLER** and **BETSY SPILLER** are also **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e), which must be filed no more than twenty-eight (28) days after the entry of the judgment, may toll the 30-day appeal deadline. *See* FED. R. CIV. P. 59(e); FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 28, 2015**

**s/ MICHAEL J. REAGAN**
**Chief Judge Michael J. Reagan**
**United States District Judge**
